IRVING KOHN, PLAINTIFF, v. MARGARET LAZARUS, DEFENDANT.

Argued May 6, 1931—Decided June 11, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the rule, *Alfred Brenner*.

*Contra, Abraham Levitan.*

PER CURIAM.

This is an application to open a judgment entered upon a verdict rendered in a trial of an issue in the absence of the defendant and her attorney.

It is before us upon a rule to show cause allowed by a justice of this court and the plaintiff below asserts that it is not properly here because, the issue being one joined in the Supreme Court, and referred to the Circuit for trial and having under such reference been heard by a Circuit Court judge the application should have been made to him for such rule, and further that such rule was not allowed within six days after verdict rendered as required by the rules of this court.

We are of the opinion that these objections are based upon a misconception of the grounds of the application. This is not a rule to show cause why a new trial should be granted.

As far as the defendant is concerned she did not have her day in court. She asserts that her answer sets up a legal defense which she did not, but in good conscience should have had the opportunity, to present. She, therefore, asks

that the judgment entered against her be opened and set aside to the end that she may have her day and present her defense.

The ordinary rule to show cause for new trial presents no such ground or reason, nor can it.

The matter could have been brought on upon notice but we are unable to see any difference between that method and the one here employed. The effect and result is the same and the plaintiff is in nowise disadvantaged.

Upon the merits we conclude that the rule should be made absolute and that the judgment should be opened and that there should be a trial of the issue at Circuit in which the defendant shall have the opportunity to present and establish, if she can, the defense set up by her answer.

Having reached this result, the stipulation of counsel, made at the time of the oral argument, will become effective, and the execution issued and levy made thereunder will be set aside and vacated upon condition that the defendant enter into a surety company bond to the plaintiff in the sum of $13,000, conditioned for the payment by the defendant to the plaintiff of any judgment and costs that may result from such trial; such bond to be approved as to form, conditions and sufficiency by Charles E. Hendrickson, Esquire, a commissioner of this court.

An order may be taken in accord therewith.